Good morning, your honors, and may it please the court, Leslie Feldman Ruppler for Raphael Cardona. I would request the opportunity to reserve two minutes for rebuttal. You have your two minutes for rebuttal. Thank you. This is a single issue appeal on multiplicity, the repetitive statement of one count as two counts, or rather one offense as two counts, counts one and two of the indictment charged Mr. Cardona with conspiracy to distribute or possess with intent to distribute controlled substances. The only difference between the two is that one is regarding heroin, the other regarding cocaine. I suspect we're going to ask the same question. And I was going to ask the same question as well, so why shouldn't we regard this claim of error as waived? Many reasons, your honor. The citations of the government's argument in its brief cites to basically three cases to support their claim. I'm talking about rule 12B3. Rule 12B3, first of all, has language that qualifies the enumerated list of motions that must be filed with or otherwise will be waived. It qualifies it with the following language. If the motion was reasonably available and if the motion can be determined without a trial in the merits. That second if, your honors, does not apply to this case. You did not argue that in your brief. No, in my brief, I relied on United States versus King, which is still good law. United States versus King, which was decided in 2009. You did not make the argument you are now presenting to us. All right, so now let's go beyond that. Why do you think that you could not have raised it earlier? Your honor, there was no reason to raise it. I was relying upon a still good First Circuit case from 2009. Of course you had a reason to raise it. If I may, that case held that a multiplicity claim is reviewed for plain error even when raised for the first time on appeal. That case was decided under the pre-2014 amendment regime in which rule 12 contained the word waiver. After the 2014 amendments, the word waiver was removed and the entire argument made by the government and relied upon in U.S. versus Walker 2011, this court's holding, is based upon the use of the word waiver in the rule, which is no longer there. This court... And we have dealt with it twice since then and said that the Walker rule is still a good rule as we interpret the post-amendment rule 12b3. In the context of suppression. And in fact, the case... All right, that's a different argument. Why is your argument not within the rule? Well, in part, your honor, because of the language I quoted earlier. If the motion could be determined without a trial on the merits, U.S. versus Lindsay, the case I believe your honor is referring to, which states that rule, was not only a suppression case, but it says the rule as follows. Unpreserved legal arguments as to motions to suppress are unreviewable. Except on a show of hands. Yes, therefore, if you go back to the language of the rule, why is your argument not within that language? Firstly, because the multiplicity claim could not be determined without a trial on the merits. If you look at the indictment in this case, it states the time frame of these allegedly two conspiracies very, very broadly. And both of them are introduced with the words, from a time unknown, but at least starting in whatever the date, okay? So the indictment itself does not make clear what the overlap in time is. What happened at trial was it became clear that the entire quote unquote heroin conspiracy occurs solidly within the time frame of the cocaine conspiracy. Firstly. Secondly. We're trying to interpret a rule which binds us. You seem to be suggesting that we have to get into the merits to determine whether it could have been raised before trial. Am I correct? No, that's not the case. The merits illustrate it, but one of the Laguna Estella factors in determining a multiplicity claim is whether the evidence on the two charges or the two counts is intertwined. And you can't know that until the case is tried. Until the case is tried, you wouldn't have known that the same witnesses, every single witness except for one, testified as to matters that applied to both of these alleged different conspiracies. They were all the same. They involved the same players who had the same phone numbers. So there was a phone expert who identified whose phone was whose, who talked about who spoke to whom and what they said. And many of those conversations pertain both to the heroin and cocaine conspiracies. So, yes, the factor about whether the evidence is intertwined tells you that the multiplicity claim in this particular case, and in many cases, if you look, there is a... Did the government give you a witness list before trial? The witness list alone, first of all, is not on the docket, is not part of the record, and does not make clear who's going to testify about what. So, no, that's not enough. We don't know what they're going to. It's not clear. You have to look at this. A witness who was not in common was made known to you before trial. But it wasn't made known that they were not in common. The government has no responsibility to provide a summary of the anticipated testimony of the witnesses. And as far as I know, that did not happen. There is a circuit split on this issue. And most circuits are like the First Circuit. They decide, in fact, the Sixth Circuit characterized the three approaches to issues newly raised on appeal. And you find this in almost all of the circuits, regardless of which way they go, mostly. They can find forfeiture, applying plain error review, as in U.S. v. King here. They can avoid characterization, I'm sorry, they can avoid characterization and apply plain error. That is what the King court did. Or find forfeiture and apply plain error review. Or, as in the case usually in suppression cases, uniquely, find true waiver. It makes sense. A suppression argument requires factual record to support it. It would make absolutely no sense. And you don't need Rule 12 to realize that you can't not file a motion to suppress and then suddenly argue suppression on appeal. It just doesn't make sense. Counsel, just following the logic of your argument, you just said the motion to dismiss depends on the facts that are developed. That's the same argument you're making here to excuse your failure to comply with Rule 12b-3, correct? No, I don't see that at all. How is that? Well, you may not, but since the motion to suppress depends upon the facts to be developed, and under Lindsay, that's clearly within the rule. Explain to us how your case isn't within the Lindsay holding. If I could. The factual record that's necessary to decide a motion to suppress is set before trial. A trial is neither necessary nor possible to set that factual record. And a multiplicity claim is the other way around. You cannot determine it before trial because there is no hearing on a motion to dismiss. If you filed that motion, you would be unable to argue the merits of that fifth prong of Laguna Estella. Let me ask you, after trial or before sentencing, why wasn't the multiplicity claim raised? Because that would have given the government an opportunity to argue it there, the judge an opportunity to decide it. It's difficult to explain. I was not trial counsel. I realize that's irrelevant, but I have to say there is no good strategic reason to explain that. So if it's looked upon as an effective assistance, which I understand this court does not entertain those kinds of arguments, that would qualify as good cause. And let me also add, if this had been raised, as Judge Lynch said, in a pretrial motion, the court could have decided it. Perhaps, assuming it decided in your favor, the government then would have had an opportunity to supersede the indictment or, you know, agree that the account was dismissed. But that's one of the, and again, I realize you were not trial counsel, but you're bound that it's your client. But it sort of seems to me that this is an ambush on the government presenting this at this time. The result would be the same. In other words, this doesn't require a retrial. Normally, what courts, appellate courts do in this situation is to vacate the repetitive count. It makes no difference to the sentence. It just means that Mr. Cardona would have one conviction. In the BOP record and pre-sentence report forever and ever, he would only have one count of conviction. That's what you're saying. I'm sorry? For purposes of his sentence in BOP, his classification, for the pre-sentence report, moving on forward, he would only have one count of conviction. Correct. Okay. Thank you. Judge Shelley, do you have any further questions for Judge Lynch? Yes. Why are all of the things that Judge Helby just discussed irrelevant? They're not irrelevant, but it distinguishes this kind of argument from a suppression argument. If you do not file a motion to suppress, you can't wait until after trial and then say, oh, by the way, I think that officer was lying. I would like to now cross-examine him to prove that. The record is made or it's not in a suppression argument before trial. And that's the only way it can be done. With a multiplicity argument, it's based on the trial record. The trial record is necessary to see the true nature of whether or not these are two, is this one conspiracy? Is it one agreement to do multiple things? Or is it multiple agreements to do one thing each time? My argument is this was one agreement. In fact, even though the government says it's a multi-object conspiracy because one object is heroin, the other is cocaine, I would argue the object of the heroin conspiracy was, frankly, to continue the cocaine conspiracy. Yes, you made that argument in your brief, but the case law goes quite against you because there are different drugs involved, which goes back to could the issue have been raised before the trial court? Earlier, and Judge Helvey's point about ambushing the government, not to mention the congressional intent in the rule. The congressional, the rulemaking intent, which is very much fleshed out in the Sixth Circuit's decision in Soteau, very clearly indicates that the rulemakers intended to make clear this is not a rule about waiver, and indeed the rule does not apply to appellate. OK, thank you. You're getting circular. Thank you. OK, let's have now counsel for Isaac Cardona. Counsel Lee, please identify yourself for the record and then proceed. Good morning, Your Honors. My name is Jane Lee, and I represent the defendant, Isaac Cardona. With the court, I just want to say that the defendant joins the co-defendant's multiplicity case claim. When did you first make that claim? I joined it. I joined it for the first time in the reply brief, Your Honor. And arguments raised in a reply brief are deemed waived, are they not? No. Arguments raised in a reply brief are deemed waived, but not joining a point in a reply brief. What's the difference? Well, the difference is whether the government has a chance to respond. And in this case, the government had a chance to respond. It fully briefed the issue. And this court, as a matter of fact, the court case that the government cites for saying that a defendant can't join a claim in a reply brief stands for exactly the opposite position. The court in Laura said, oh, yeah, we find you can join a claim in a reply brief. That's what Laura says. Because you can, and it cites two other cases, and it says because it would be unfair to the defendant not to allow him to join in the reply brief. There's no case law that says you can't join a claim in a reply brief. In this case, defendant's brief was filed three months before the co-defendant's brief. And there's no prejudice to the government. In the earlier, you were saying you ambushed the government. But here, there's no prejudice. The government has fully responded to that claim in their brief because the co-defendant raised it. Could you address what I asked, Sister Counsel, about ambushing the government at this stage, at the appellate stage? Because this, again, your client likewise did not raise it below. Are we talking about the multiplicity claim? Yes. On multiplicity claim, I have a slightly different take. I think that rule, that rule about rule, I think it's rule C3, doesn't apply to the appellate courts. I mean, it's very clear that they're talking about district courts there. They talk about good cause shown. You can't show good cause in the appellate court. Because good cause means that you have to have a record, you have to have witnesses, you have to bring in, and there's nothing on the record. So you can't show good cause in the appellate court. And I think all of the advisory comments which take out the waiver provision and say that this isn't about waiver, and they say the motion is untimely. It's addressed to the district court. It says, if you don't make it by the district court's deadline, it's untimely. But the district court can excuse that untimeliness if you show good cause. That's not talking to the federal court. The federal court can, and we're talking, let's remember, we're talking plain error. We're not talking de novo review here. That's a very, very high standard. Counsel, do you have any case that says that Rule 12B3 or Rule 12C3 applies only to district courts and doesn't apply to courts of appeals? Yes, the Sixth Circuit, which my co-counsel mentioned, the Sixth Circuit case, SOTO, says we look at this rule and we see that it only applies to district courts. And that makes sense. But, of course, the First Circuit precedent is to the contrary. Let me move on. Why aren't the rest of your arguments also barred by Rule 12B? Well, Your Honor, with your permission, I'll address my second and my third arguments in my brief. And the government says that my second argument, which is there's insufficient evidence to support the money laundering charge, is barred. No, no, no, no, no, no. You are unconstitutionality because of a potential merger problem, as you see it. Yes. Why isn't that barred? That's my first point, Your Honor. And if you'd like me to address that, I will. Your first point is the multiplicity, which you just say you're entitled to bring. OK, so let's avoid the renumbering question. You just address why your constitutional claim isn't similarly barred. Well, I think this court has a long history of reviewing constitutional claims on appeal. Not when constitutional claims have not been timely raised. Our war is exactly to the opposite. We've imposed our usual rules of waiver and forfeiture on constitutional claims. We did it last year in the United States against Franklin. We did it in half a dozen cases that I can think of prior to that, including the United States against George in 2012. Constitutional claims can be waived like any other claims. Well, Your Honor, the reason I would argue that constitutional claims aren't waived and should always be de novo review is because when you review a constitutional claim, it's a purely legal claim. You give absolutely no deference to the district court. There's no discretion. It's as if the district court didn't even make a decision because they don't have any. They don't have any discretion when they're deciding a purely legal issue. Ms. Lee, I understood your claim to be a claim of facial unconstitutionality rather than as implied. Is that correct? And by the way, could the clerk of court move the camera so we can see you? Sorry, Judge, I want to see. You can't see me, Your Honor? I'm afraid I'm missing the pleasure. Just to give the clerk a minute, please. IT, can you adjust the cameras for Judge Lynch so we can see the appellant's counsel right now? And then pause the clock for a second. Like six seconds. Thank you, Judge. Extra you have. Can you see any better, Judge? It's worse. Unfortunately, it's not in my domain. IT, can we adjust again for Judge Lynch, please? Judge, how are we doing? Well, I'm sorry I raised the issue. There's some irony here, but Ms. Lee, we can hear you perfectly well, and I do remember what you look like, so let's proceed. Thank you, Your Honor. Your Honor had a question about my vagueness claim? Yes. Well, Your Honor. Why is it that barred by the rule? You've made the argument to which Judge Sellier responded that it's always de novo. I thought you were going to make the argument that the rule says jurisdictional challenges can be made at any time, but I don't know why one would characterize your argument as going to the jurisdiction of the court. I think that's not the argument I'm making. I don't know that it's jurisdictional because it's not the authority of the court. It's the authority of Congress to make the law, and the court's authority is to... Okay, and then to go back to the original point, I understood, and the government also understands, that you're making a facial argument. A vagueness, is that correct? Yes, Your Honor. I'm making a vagueness claim based on Johnson and Davis, and I think Johnson... It's not clear. Answer the question. Is it facial or as applied? I think it's facial, Your Honor. Okay, thank you. And in Johnson, I think your way, I don't know if Your Honor is headed this way, but in Johnson, Johnson stated that even though it's a facial claim, just because it will fit under certain circumstances, in certain circumstances, doesn't mean that it's not void for vagueness. I'd like to address my other point, which is the insufficiency of the evidence to support the money laundering claim. The evidence was insufficient on the intent element of the money laundering claim here, in the case below. Now, this court has said that we must strictly construe the intent requirement in order to ensure that merger in a money laundering claim doesn't happen. And the intent requirement is, in this case, is the defendant must intend to promote the carrying on of a specified illegal activity. Now, in this case, there's no evidence at all that this defendant intended to promote the carrying on of heroin distribution. The evidence, in fact, was to the contrary. It was that all defendant intended in joining the conspiracy to distribute heroin was to pay back a debt for the kilo of cocaine he had stolen from him. And the government says, no, too bad, you leveraged cocaine money into heroin distribution, that's money laundering. But that's not money laundering, because there's this additional element in money laundering, a very specific intent requirement, which says, you can't just leverage cocaine money into buying heroin, you have to intend to promote the carrying on of the heroin distribution. Honestly, I don't understand it. And even given your argument, in order to get the money to pay back a cocaine debt, he had to intend to engage in the heroin transaction. So can we move on to your last point? The government has conceded error, but they say there's absolutely no prejudice. Would you like to argue that? Yes, Your Honor. The government concedes error, and they concede plain error. They say there's no prejudice, because there's no way the jury would have reasonably acquitted him of the money laundering charge. But that ties right in with my insufficiency claim. Because this error, this jury instruction error, was on the intent element. It was not objected, you agree with that? It wasn't, it's plain error. I agree, it's plain error review, but I think we meet the plain error standard. And the government concedes it's error and it's plain, they say it's not prejudicial. It's prejudicial because he got convicted of a crime he didn't commit, which is money laundering. And it's prejudicial because... No, no, no, no, no, no. That's not the standard for prejudice. The government's position is the evidence was very, very strong here. You have to make a good argument that the result likely would have been different. And I think it would have... Not merely that there was a conviction. Well, no, and I think... You're going to say, yeah, it was likely. But why was it likely in light of the government's arguments? It was likely to be different because the instruction was error on intent. And he lacked the intent to launder money. He lacked the specific intent to launder the money. So that is why the jury could reasonably... So your prejudice argument depends on your sufficiency argument? Yes, Your Honor. They're intertwined. Okay, thank you. Okay. Judge Selle, any other questions? No, Your Honor. Okay, thank you, counsel. Let's hear now from Mr. Lockhart for the United States. Good morning, Donald Lockhart, and may it please the Court. Unless the panel has a different preference, I'll turn first to the multiplicity issue, and in particular to Defense Counsel's claim for the first time in oral argument that Rule 12 only applies at the district court level and not to the Court of Appeals. In addition to flying in the teeth of a long series of this Court's decisions, that claim is untenable for a further reason, which is that if you look at Rule 1 of the Federal Rules of Criminal Procedure, it says that all of the rules of federal criminal procedure apply to all three levels of the courts, district court, appellate court, and supreme court. Notice also that if the defendant were right about this position, the plain error standard would have no teeth on appeal.  This is simply contrary to the rules themselves. Let me address a second issue raised for the first time at oral argument, which is that under Rule 12, the multiplicity claim here can't be determined without a trial on the merits. As has been pointed out, that issue was raised for the first time at oral argument, so it's waived. It's also meritless, because if you look at the indictment here, it was a speaking indictment. It laid out the cocaine and heroin conspiracies in some detail. There was every opportunity for the defense to bring this challenge before trial. In addition to witness lists, I can research it, but I imagine we also had a trial memo. We typically do. I could confirm it and send a 28th. Let me also ask. Another option that could have occurred below, not only the Rule 12 motion, but counsel for the defense could have filed a bill of particulars if there was any concern about the conspiracies overlapping. If that happens, then the judge would have had an opportunity to address the matter. If there's any possibility of overlapping, you could have gone to supersede the indictment or to be more, either in response to that, get enough information or supersede the indictment, as I said. My concern is, does the government understand it's being ambushed at this moment? We fully agree that there's the potential for ambush. We also agree that a bill of particulars, when there's any doubt about the overlapping nature of conspiracies, could clear the matter up. There are any number of ways. Mr. Locke, if trial memos were filed, I think that I at least would like to take you up on your offer of filing them by 28-J letters. Yes, I'd enjoy that. Thank you. I'll file a 28-J. And also, if for any reason, witness lists, I know from my experience, usually the government will announce these are the witnesses for the next few days, so that's more informal and it's a matter of courtesy, or the judge may order that, but if you could check if in the record the witnesses were announced with sufficient time or by a list, please inform that as well. Absolutely. I will include in the letter every procedural indicator that there is, including witness list, trial memo, and other record sources. I won't make it a long letter, but I will tick off the docket entries that are pertinent to the inquiry here. Mr. Lockhart, you seem to be saying, well, at least hypothetically, there may be multiplicity claims where you don't have the speaking indictment, trial memo, witness list that could not be brought. But in this case, it could have been brought. Have I got that correctly? That's right, Judge. I would say, speaking hypothetically, it's possible, I suppose, that in some theoretical case, there could be a problem like this that would only be unearthed as part of the presentation of the trial evidence. But notice that the rule itself, 12B, contemplates as sort of a default that these claims will be made prior to trial. So the idea that, as a class, these types of claims can be distinguished from, say, suppression claims is just untenable. The rule itself lists 13 claims that have to be raised by pretrial motion. Suppression claims are included, so are duplicity and multiplicity claims. So the rule treats them all the same. However, the rule does have the caveat right at the start that if the defendant can show they couldn't be determined without a trial on the merits, the rule doesn't apply. But the default is that there is a waiver. And let me ask also, if this had been brought before the trial judge, the trial judge could have asked the government to make a proffer, asked to count one, count two, and counsel, explain why there's different elements, why it's not the same conspiracy. That would have been done, even though it's not presentation evidence. The judge would have been in a position, and there would have been a record. Yes, absolutely. And the other thing to note here is it's easy to forget the fact that what we're talking about here in terms of the potential remedy would be, in the best-case scenario, simply a deletion of one of the counts and a return of the $100 special assessment to each defendant. So I think it's important to realize that at base, the consequences are really sentencing in nature. And to your point, Judge Helby, the claim not only was not raised in a pretrial motion, it also wasn't raised after trial and before sentencing at a time during which the district court could have made this assessment on the record and said, well, okay, one of the counts has to go, the other can stay, and I'm not going to... And it could have been brought with Rule 29 motion at trial or even post-trial. Yes, that's right. And so at bottom, even if you set aside the waiver issue, we're stuck with a plain error standard because the issue wasn't raised. And what you're saying is even assuming if this was all waived, there's an additional count of conviction, but it's not an injustice because the sentence would remain the same and $100 would be returned. Well... Actually, the sentence would remain the same. None of the defendants would serve an extra day of prison time. The only thing that would have been sort of lost is $100 extra dollars of special monetary assessment. So in candor, Judge, we have not made that a prong for argument. What we have said is that if review is at best for a plain error, it's not clear or obvious under the second prong of the plain error standard that applying this Court's five-factor Booth test and the additional factors that the Court has since recognized as pertinent, that it's so obviously the case that these are just one single overarching conspiracy that the District Court Judge was required prior to sentencing to quash one of the two counts. But what I'm saying is from a practical perspective, we are not facing a case where, for example, one of the counts, let's say, was 120 months and 140 months, and he was sentenced exactly concurrently to both counts. It's not a consecutive count. It's the same sentence. So from his perspective, regardless of what happens, if the count is dismissed or not dismissed, he will leave BOP the same exact day. And again, if there was an error below and it can't be remedied, now the only thing, as I said, it would be the $100 he has to pay for special monetary assessment. And supervised release term will be exactly the same. Mr. Lockhart, I'm a little confused about what the government's position is. I thought the government's first position was this Court is barred from review by Rule 12 and in accordance with our precedent in the opinion I wrote and the opinion Judge Sellier wrote, we do not engage in plain error review. Is that the government's position? That's our threshold position, Your Honor, and we go on to argue in the brief in the alternative that even if you were to set aside the Rule 12 waiver program I know, but isn't there conceptually a problem with that, which is to say if, you know, Congress and the Rules Committee intended to bar appellate review going on to say, well, even if we apply plain error review it's doing exactly what we have been told we cannot do? No, my understanding of the defense argument made for the first time here at oral argument is that Rule 12 simply doesn't apply No, no, no, you're missing my point. If Rule 12 applies then that ends the matter. We do not engage in plain error review. Yes, that's right, but the government always has to assume that its waiver argument may be rejected or bypassed, and so in that vein we made an additional argument, which is that at best review would be for plain error. Okay, thank you. Now, unless the court has a different preference, I'll turn next to the void for vagueness argument. That one is likewise waived under the rules in light of the Zeus decision of this court which treats void for vagueness claims as a species of failure to state an offense claim we know from... That's a very old decision, Mr. Longhart. It may be right, but there's been a lot of law since then, including amendment of Rule 12 and the language that also says jurisdictional claim can be raised at any time. I actually think this is a very, very hard question. I don't think you can just rely on Zeus. Well, Zeus's construction of the rule with respect applies equally well in this setting as it did in 1973 because the logic of Zeus remains the same and the mere fact that the rule was amended in 2014 to clarify that whereas jurisdictional issues are still no longer required to be raised by pretrial motion, but failure to state an offense claim are now required to be raised in a pretrial motion. The mere happenstance that the consequence of Zeus is different hasn't changed the logic. The Supreme Court has, over the last 10 years, had a series of decisions saying the term jurisdiction gets too loosely used and trying to distinguish between what is truly jurisdictional and I think the expression they use is a claim processing rule. That's what worries me about reliance on that and the amendment of the rule. That's what worries me about thinking Zeus, a very old case, anticipated those changes. Well, Your Honor, as we point out in the reply brief, actually the Supreme Court has recently clarified that a vague law is no law at all, which ties in perfectly with the Zeus rationale for why this should be considered a species of failure to state an offense claim and so the issue that you're talking about, the chameleon nature of the word jurisdiction, from our perspective, doesn't bear on that issue. It's a separate issue which may arise in situations where the claim could be characterized as one of jurisdiction, but I don't think any party here is actually contending that the void for vagueness claim here is a jurisdictional one. In fact, your opponent conceded she is not making a claim that it's jurisdictional. Exactly. So, I'm happy to address the merits of the void for vagueness argument but unless the court wants me to do so I'll turn next to the claim that the evidence was insufficient to support Isaac Cardona's money laundering conviction. The threshold problem here is that the claim being raised on appeal the sufficiency claim being raised on appeal was not made in the district court. The defense in reply brief says that a general Rule 29 argument was made in the district court. That's simply not the case. If you look at ECF 505 it's a two page written motion, Rule 29 motion by Isaac Cardona it's the only context in which he set forth his argument. He declined to speak to it orally at trial. If you look at that motion, it very clearly lists very discreet, specific Rule 29 arguments, none of which are the argument on appeal. But putting aside... Is it the government's position that the clear and gross injustice standard applies? Correct, that is our position but our alternative position is that even if you set aside what we consider to be a forfeiture and the fact that the clear and gross injustice standard applies here, even under the familiar rational trier of fact standard the evidence easily satisfies that standard because it's very clear that Isaac Cardona when he was using the proceeds from cocaine sales had the intent to promote the carrying on of a heroin distribution offense. We know that because the trial record is very clear that that was the entire point of their deal. He was going to go to California with the cocaine money, buy the heroin and he was going to bring it back to Massachusetts and he would distribute that heroin and he would give all the profits to David Cruz. Now this distinction in the opening brief about well his motive was actually just to pay back Cruz it wasn't to deal in heroin is totally illusory it confuses motive and intent as we point out citing the Hughes decision of this court those two concepts are different and in fact his motive, his desire to pay back Cruz actually is just further evidence of his intent to deal in heroin it actually underscores and bolsters that evidence. So the claim here made by the defense is we submit just self-defeating the motive evidence is just rich further evidence of his intent Let me ask you, that specific Rule 29 claim you're saying was not made below correct? Correct. Okay the concern I have again from a district court judge perspective if it's not made below if it's made below and the judge could have agreed and could have said well there's going to be a new trial or government what are we going to do? Could have remedied the situation there? Well I'm not so sure if the judge had agreed it would have been acquittal. Well it would have been acquittal but then and there. Yes then and there that's true and as a result there would have been under that hypothetical there certainly would have been sentencing consequences in terms of the GSR dropping without the money laundering conviction so yes there was an incentive to attack this count on multiple levels in the district court unless the court has a different preference I'll turn last to the jury instruction claim which defense counsel concedes is unpreserved. We make an argument in our brief under prong three which is that the defendant cannot show under this court's 2022 decision in the Fletcher case a reasonable probability that a proper instruction would have resulted in acquittal. The defense reply brief does not address our prong three argument at all. In fact it is silent on the instruction claim but we basically make three points on prong three the first is the overwhelming nature of the evidence I've just discussed that evidence briefly I won't rehash it. The other thing we point out is that the jury in convicting on the heroin conspiracy count which is count two had to find beyond a reasonable doubt that Isaac Cardona willfully and quote with a specific intent that the underlying crime of heroin distribution be committed. If the jury found that it seems that the odds are vanishingly small that it would have somehow said that this distinction between intent to promote versus new that the transaction to be designed in whole or in part that somehow the difference between these two standards would cause it to acquit. So we have the overwhelming nature of the evidence but we also know that this particular jury made a determination on that heroin conspiracy count which is functionally very much the same if not identical to the intent to promote standard. Let me also ask you from a practical perspective when the jury instructions are going to be given this doesn't happen in a vacuum. It's not like the judge below simply gave this instruction nobody objected. There is a charge conference the court submits proposed instructions defense can submit proposed instructions and then there's that charge conference and there's an opportunity to object. Yes. So this is something that there were multiple times to have cured that error. That's right and building on your point judge we actually submitted proposed instructions which themselves contain the very error that we're talking about now. So the defense got advance notice even prior to the charge conference that there was a potential problem here based on our own proposed instructions. And let me say this and this is something I'd like to hear also from counsel  reason why defense counsel decided I'd like that instruction I'm going to argue within that instruction. It might be easier for me to get my client acquitted even though the jury voted one way. So we don't know exactly what happened because it wasn't objected or. That's true your honor. That's very true. Or another hypothetical is that the defense counsel recognized that the evidence was so overwhelming on that issue that any difference in the standards made no difference. Okay. Thank you. Let me do any of my colleagues have any further questions? No. Okay then. No thank you. Okay then Ms. Feldman has two minutes for rebuttal. I'd like to address the point made by the government for the first time at this oral argument which is that somehow it's not even rule twelve it's rule one that governs. But in fact the sixth circuit in U.S. versus SOTO addressed this very argument saying that one candidate of construction that addresses this is that the more specific statutory provision governs the more general. And rule twelve is more particular. Okay let's suppose we are not going to change our law and adopt the sixth circuit view and now what? Well my argument is that this court need not change anything in first circuit law to address this appeal. U.S. versus King which by the way if I understood the government to be now arguing that there's no prejudice or the third and fourth prong of plain error that was waived because that was never briefed by the government. U.S. versus King says based on ball and rutledge to U.S. Supreme Court cases that those prongs are met when a multiplicity claim even is raised for the first time on appeal. Ms. Feldman I think the argument you need to address is this was a speaking indictment there was plenty of record evidence that would have permitted a defense counsel to raise the question before the district court before trial and while hypothetically in some other case maybe there is some scenario where it couldn't have happened here it plainly could have happened. That's the argument you need to address. Thank you. My response to that argument is that if this indictment was speaking it was speaking with a great lack of clarity. It was not specific the time frame which is one of the factors that you need to look at in a multiplicity case. The time frame and the overlap was completely unclear because the start date was stated from a date unknown. And even after trial there's some lack of clarity about at what point the heroin conspiracy began because it was like Cruz testified that he had done two heroin transactions before this one he never said when that occurred. So the government's argument on multiplicity is say a different start date, the time frames weren't that the overlap isn't that great there was complete overlap here but that isn't clear from the indictment. And with regard to the 28 January excuse me counsel are you familiar with the trial number I'm sure I am What do we do if the pre-trial memorandum makes that point clear? If the pre-trial memorandum said when each conspiracy began and ended and created clear differentiation between them and listed all the witnesses and which parts of the conspiracies or how these are two different conspiracies Just say differentiate, make it clear when each conspiracy began take it one at a time I still think that combined with the speaking nature of the indictment wouldn't be enough It wouldn't because the intertwined nature of the evidence would not have been clear unless that memorandum absolutely spelled out how they were different and in fact your honors the government has not It seems to me what you're doing is you're trying to shift the burden the purpose of the purpose of the provision in rule 12 is to alert the defendant the defendant better act quickly when the defendant is faced with a situation that can be remedied by amendment to an indictment and what you're saying is that the defendant can just sit back, lie in wait and the government has to dot every I and cross every T to make it 100% certain that the two are multiplicitous before the defendant has to lift a finger I don't think that's the mechanism that rule 12 contemplates That is not what I'm saying It sounds like it to me It's not. Ambush only matters if there's some prejudice to a party so even though a multiplicity claim is raised after trial and on appeal for the first time there are many cases in other circuits and with U.S. v. King this circuit where plain error review is applied and the government is not prejudiced Why? Because if the issue had been raised below then there would be one count If the issue is raised on appeal and one count is vacated the result is precisely the same So there's no prejudice to the government by this argument I think Judge Halvey responded to that argument with some of his questions earlier about what difference it might have made Is there anything else? I would just ask the opportunity also to submit a 28-J letter to respond to the government's letter and also to explain some of the cases No, you may not you may not re-argue cases you may not bring new cases to our attention I would have thought that the two of you could easily agree on what's in the record Why wouldn't that suffice? I was not on notice and the government didn't mention anything about the pleadings You are missing the point The record is the record You're not going to dispute the record, correct? I don't know what the record is at this point but if the government is submitting a 28-J letter with new material I would request the opportunity to respond to that because it was not raised in the government's brief and it's just something But it's information that is in the record what we're asking is to point out where that information is in the record and that's what we're asking not to make any arguments Thank you, Counsel Counsel, you're excused and let's call the next case